687 So.2d 96 (1997)
In re Leonard O. PARKER, Jr.
Nos. 96-B-2697, 96-B-2698.
Supreme Court of Louisiana.
January 24, 1997.
Rehearing Denied March 14, 1997.

*97 DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
Respondent, Leonard O. Parker, represented Terrence Fallon in a wrongful discharge suit. Subsequent to the suit being settled for $110,000, the defendant was enjoined from disbursing the settlement funds due to domestic litigation involving Mr. Fallon and his former wife, Denise Licausi Thayer. On February 21, 1992, the settlement funds were released and respondent was permitted to withdraw his $38,500 contingency fee. Respondent was ordered by the court to deposit the remaining $71,500 of the settlement in his trust account until resolution of the domestic litigation. By August 18, 1992, the account balance in his trust account dipped to $70,989.43, below the $71,500 amount he was to hold in trust. Respondent's continued to withdraw funds from his trust account. On April 30, 1992, the court hearing the domestic litigation concluded that $13,884.16 of the $71,500 belonged to Ms. Thayer and ordered responded to disburse this sum to her. This judgment became final on June 21, 1993, but respondent failed to turn over any money. By July 15, 1993, the balance in his trust account had dropped to $52,323.54, nearly $20,000 below the amount he was to hold in trust.
On December 28, 1993, respondent paid $31,000 of the $57,615.84 he owed to Mr. Fallon, and issued a promissory note due one year later on the remaining amount. However, respondent failed to make any payment on the note. Respondent sent Ms. Thayer a check for $13,884.16 dated July 30, 1993, in a certified letter postmarked December 28, 1993. She presented the check for payment one month after her receipt, but the bank would not honor it because it was stale dated. Ms. Thayer stated respondent refused to return her telephone calls to resolve the matter. She again attempted to cash the check on May 17, 1994 and was informed there were insufficient funds in the trust account. After respondent failed to facilitate her in her recovery of her funds, Ms. Thayer filed a complaint giving rise to the instant charges. As of the date of the hearing, respondent owed Ms. Thayer $13,884.16 plus accrued interest and had failed to take efforts towards restitution.
In an unrelated matter, respondent was retained and paid one-half of a $5,000 retainer fee by Emma Steward to appeal the criminal conviction of her son. Less than one month later, Ms. Steward discharged respondent. Respondent failed to render an accounting or return the advance fee. Subsequently, he refused to respond to the complaint forwarded to him by disciplinary counsel and failed to produce information sought through discovery.
The proceedings were consolidated and a formal hearing was conducted. At the conclusion of the hearing, the hearing committee found that respondent converted client funds belonging to Mr. Fallon and Ms. Thayer in violation of Rule 8.4(a)(b)(c) & (d) of the Rules of Professional Conduct. The committee also determined that respondent's failure to promptly deliver the funds owing to Ms. Thayer was in violation of Rule 1.15(b). It found respondent failed to render an accounting to Emma Steward for a $2,500 advanced fee, and also failed to refund the unearned fee, in violation of Rules 1.5(f)(6), 1.15(b) & (c), 1.16(d), and 8.4(a)(b)(c) & (d) of the Rules of Professional Conduct. It further found that respondent's failure to respond to Ms. Steward's complaint at the request of Disciplinary Counsel constituted violations of Supreme Court Rule 19, § 9(c) and Rules 8.1(b)(c) and 8.4(a)(d)(g) of the Rules of Professional Conduct.
The committee concluded that respondent lacked the moral fitness to discharge responsibilities entrusted to attorneys and recommended disbarment as the appropriate sanction in the conversion case, with restitution as condition to reinstatement. As to the Steward matter, the committee noted that *98 since it already recommended disbarment in the conversion matter, no further sanction was necessary with the exception of restitution to Ms. Steward with legal interest as an additional prerequisite to any application for reinstatement.
The disciplinary board concurred in the findings of the hearing committee and recommended disbarment as an appropriate sanction. Respondent filed no objection to that recommendation in this court.
Upon review of the record of the disciplinary board's findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board's recommendations be adopted.
Accordingly, it is ordered that the name of Leonard O. Parker, Jr. be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution of any amounts owed to Mr. Fallon, Ms. Thayer and Ms. Steward. Respondent's payment of full restitution or efforts to make restitution will be considered if respondent applies for readmission. All costs of this proceeding are assessed to respondent.
NOTES
[*] Johnson, J., not on panel. Supreme Court Rule IV, Part 2, § 3.