705 So.2d 736 (1998)
In re Leonard O. PARKER, Jr.
No. 97-B-2351.
Supreme Court of Louisiana.
January 30, 1998.

DISCIPLINARY PROCEEDINGS
PER CURIAM[*].
The instant disciplinary proceeding arises from four counts of formal charges brought by the Office of Disciplinary Counsel ("ODC") against respondent, Leonard O. Parker, Jr.[1] The charges allege violations of *737 Rules 1.3, 1.4, 1.5(a), (c), 1.7(b), 1.15(a), (b), 1.16(d), 3.4(a), (c), 8.1(b), (c), and 8.4(a), (c), (d) and (g) of the Rules of Professional Conduct, and Supreme Court Rule XIX, § 9(c).
The underlying facts giving rise to the first two counts arose from respondent's dealing with the family of M.L. Hayes. On August 5, 1995, respondent was hired and paid a retainer fee of $500 by Mr. and Mrs. M.L. Hayes to represent their son, who was accused of second degree murder. Subsequently, respondent failed to visit his client in jail or to arrange for bail as promised. After having considerable difficulty in contacting respondent and learning that respondent failed to take any steps in defending his son, Mr. Hayes discharged respondent and requested the return of the retainer fee.
Respondent had also counseled Mr. and Mrs. Hayes to "inadvertently" wash their son's jeans which had been stained with the blood of a crime victim, since the district attorney might request them. However, Prentice White, Mr. Hayes's son and the criminal defendant's half-brother, had instructed his parents not to wash the pants.[2]
When respondent failed to refund the Hayes's fee or provide an accounting, a complaint was filed with the ODC. Respondent did not respond to the ODC's request for information concerning the complaint. Although he was served with a subpoena, he failed to appear for his deposition and failed to produce his work file and financial records.
The third and fourth counts arose out of respondent's representation of Doris Long, who retained respondent in a personal injury matter when her prior counsel, Douglas Culp, moved out of state. On July 7, 1995, respondent settled the case for the sum of $75,928.89. Subsequently, he disbursed $39,552.38 to Mrs. Long, and withheld his 35% contingency fee, $3,000 for Mr. Culp, who was collecting on a quantum meruit basis for his initial representation, and $5,000 for unpaid medical bills. However, there were no unpaid medical bills. Further, respondent commingled his funds and Mrs. Long's funds in the same account, and later converted some of Mrs. Long's funds to another individual's use.
After a complaint was filed, respondent appeared for his deposition pursuant to a subpoena, but refused to testify and produce his files. He stated that he only appeared for the purpose of orally requesting that the subpoena be quashed.
The ODC filed formal charges arising out of the Hayes and Long matters alleging violations of the Rules of Professional Conduct and Supreme Court Rule XIX. Respondent filed an answer, essentially denying all of the allegations.
At the formal hearing, Mr. Hayes testified regarding respondent's failure to take any steps to defend his son and the suggestion to wash his son's jeans. Mrs. Hayes and Mr. White (who was at the time of the hearing an assistant district attorney for Orleans Parish) corroborated the testimony of Mr. Hayes. Also, Mrs. Long testified that respondent refused to return the funds he unlawfully withheld from her settlement for Mr. Culp and the nonexistent unpaid medical expenses.
Respondent testified on his own behalf and, in the words of the committee, "only served to compound his wrongdoing with his own testimony." While recognizing the Rules of Professional Conduct prohibited a "non-refundable" retainer, he nevertheless argued that he and the Hayes were free to contract for money, even if it constituted an ethical violation. Further, respondent admitted that he commingled and converted $8,000 of Mrs. Long's funds and withheld funds for Mr. Culp from Mrs. Long's portion of the settlement rather than his own.
Thereafter, the hearing committee filed its recommendation, concluding that respondent failed to communicate with his clients, failed to refund and account for unearned fees, failed to act with diligence and promptness, improperly withheld portions of a settlement, commingled and converted client funds, and failed to cooperate with the ODC. However, the committee found the destruction of evidence charge to be the most serious violation. *738 While noting the ABA Standards for Imposing Lawyer Sanctions and jurisprudence suggested disbarment as an appropriate sanction for such misconduct, it stated that respondent's action also constituted a criminal felony offense of attempted obstruction of justice, which carries a criminal penalty. See La.R.S. 14:27 & 14:130.1(A)(1).
The committee concluded that respondent's absence of a prior disciplinary record constituted the only mitigating factor.[3] It found respondent's unfounded Motion to Disqualify Disciplinary Counsel,[4] his evasive testimony before the hearing committee, the refusal to acknowledge the impropriety of his actions and lack of remorse as aggravating factors. As such, the committee recommended that respondent be disbarred from practice.
The disciplinary board concurred in the findings and recommendation of the hearing committee. While finding no mitigating factors to be present, the board noted that virtually all of the ABA Standards for Imposing Lawyer Sanctions § 9.22 aggravating factors were present: (1) prior disciplinary conduct; (2) dishonest or selfish motive; (3) pattern of misconduct; (4) multiple offenses; (5) obstruction of disciplinary process for failure to cooperate; (6) false statements or deceptive practices during disciplinary process; (7) refusal to acknowledge wrongful nature of conduct; (8) vulnerability of victims; (9) substantial experience in the practice of law;[5] and (10) indifference to making restitution. While finding respondent "morally unfit to continue to practice law," it concluded disbarment was the only appropriate sanction.[6] It further recommended that respondent make full restitution, be required to retake and pass the Multistate Professional Responsibility Examination as a condition for readmission, and pay costs of the proceedings.
Upon review of the record of the disciplinary board's findings and recommendation, and the record filed herein, it is the decision of the court that the disciplinary board's recommendation of disbarment be adopted. However, since respondent has already been disbarred by this court as of March 14, 1997, as a practical matter, he cannot be disbarred again. Nonetheless, this court has the authority to extend the minimum period which must expire before respondent may apply for readmission. Louisiana State Bar Ass'n v. Krasnoff, 502 So.2d 1018 (La.1987).
Accordingly, it is ordered that respondent, Leonard O. Parker, Jr., is prohibited from petitioning this court for readmission pursuant to Supreme Court Rule XIX, § 24(A) until five years have elapsed from the finality of this judgment. It is further ordered that respondent make full restitution to Mr. and Mrs. Hayes in the amount of $500 and Mrs. Long in the amount of $8,000. All costs of these proceedings are assessed to respondent.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] On January 24, 1997, this court issued an order in an unrelated matter disbarring respondent from the practice of law for several counts of commingling and converting client funds and failing to cooperate with ODC. In re Parker, 96-2697 c/w 96-2698 (La.1/24/97), 687 So.2d 96, rehearing denied, (La.3/14/97), 690 So.2d 24.
[2] At the time respondent was retained by the Hayes, Prentice White had just graduated from law school and was waiting to be admitted to the bar.
[3] It should be noted the committee issued its findings and recommendations to the disciplinary board on March 4, 1997. This court did not render its decision denying respondent's application for rehearing from the judgment disbarring him until ten days later, on March 14, 1997.
[4] At the hearing, respondent initially argued at length that counsel for the ODC should have been disqualified based on his alleged "arbitrary and capricious" behavior in prosecuting the charges. The committee found no merit in respondent's motion since he failed to produce any evidence of bias on the part of counsel for the ODC.
[5] Respondent has been admitted to the bar for fifteen years.
[6] The disciplinary board recommended that the period of disbarment begin from the date of the finality of the Supreme Court judgment in the instant matter, not from the date of the respondent's prior disbarment.