| ¡PER CURIAM. *
This attorney disciplinary matter arises from a joint petition for consent discipline filed by the Office of Disciplinary Counsel (“ODC”) and respondent, Kerry E. Shields, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
Since this matter is before the court on a petition for consent discipline, the facts were not developed in detail in the record. However, respondent stipulated to commingling and converting $40,000 in client funds belonging to Roberta Carolyn Beaver, who was a minor at the time, and $86,000 in client funds belonging to Kevin Brady Beaver, who was a minor at the time.[1] Respondent also acknowledged that his misconduct included neglect of client matters and conduct involving fraud, deceit and misrepresentation.
In September of 1998, respondent and the ODC filed a joint petition, seeking to place respondent on interim suspension. We granted the motion and ordered that disciplinary proceedings be instituted. In re: Shields, 98-2374 (La.9/16/98); 718 So.2d 403.
Prior to the filing of formal charges, respondent and the ODC filed a joint petition for consent discipline before the disciplinary board. In the petition, respondent acknowledged his misconduct, and proposed he be disbarred, effective from the date of his interim suspension.
Pursuant to Supreme Court Rule XIX, § 20, the disciplinary board considered the petition and recommended that this court adopt the proposed consent discipline of disbarment. After | ¡¡considering the ag *224 gravating and mitigating factors,[2] and relying on the ABA Standards for Imposing Lawyer Discipline,[3] the board concluded disbarment was the appropriate sanction for respondent’s misconduct. The board further recommended respondent be ordered to pay restitution to his clients in the total amount of $126,000 with legal interest.
Neither respondent nor the ODC filed objections in this court to the disciplinary board’s recommendation.
DISCUSSION
Respondent has admitted to commingling and converting a substantial amount of client funds, and acknowledges that his conduct involves fraud, deceit and misrepresentation. This misconduct resulted in harm to his clients. Respondent has not made restitution, requiring his clients to file suit against him.
Under the guidelines set forth in Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986), disbarment is clearly the appropriate sanction under the facts of this case.[4] Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendations of the disciplinary board, the joint petition for consent discipline and the record filed herein, it is the decision of the court that the joint petition for consent discipline be accepted.
Accordingly, it is ordered that the name of Kerry E. Shields be stricken from the rolls |gof attorneys and that his license to practice law in the State of Louisiana be revoked, effective September 16, 1998, the date of his interim suspension. It is further ordered that respondent make full restitution to his clients in the total amount of $126,000 plus legal interest. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Johnson, J. not on panel. Rule IV, Part II, § 3.

. These funds resulted from a settlement obtained by respondent on behalf of the Beaver children. A lawsuit has been recently filed on behalf of the children, who are now ages eighteen and twelve,’ seeking to recover $126,-000 in settlement proceeds from respondent.

. The disciplinary board cited the following aggravating factors: dishonest or selfish motive, multiple offenses, pattern of misconduct, vulnerability of the victim, substantial legal experience (admitted in 1976) and indifference to making restitution. As mitigating factors, the board recognized absence of a prior disciplinary record, remorse and cooperation with the disciplinary system.

. A.B.A. Standard 4.11 provides ”[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.”

.Hinrichs outlined the factors supporting disbarment in a commingling and conversion case:
In a typical case of disbarment..., one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings, [citations omitted].