*1270 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM. *
This matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against David Fergurson, Sr., a currently disbarred attorney.[1] The ODC alleges respondent’s conduct violates Rules 1.3 (lack of diligence), 1.4(a) (failure to communicate), 1.5(a) (failure to return an unearned fee), 1.5(c) (failure to provide an accounting), 1.8(a) (prohibited transactions between a client and lawyer), 1.15 (safekeeping property of a client or third person), 1.16 (termination of the representation), 3.3 (candor towards the tribunal), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
UNDERLYING FACTS

Count I

Mae Ralphine Scott retained respondent to represent her in connection with a personal injury matter. The case subsequently settled, and respondent withheld $840 from the settlement proceeds to pay Dr. Henry Dixon, Mrs. Scott’s treating physician. Respondent failed and refused to pay the funds to Dr. Dixon, converted the funds to his own use, and failed to refund the money [?to either Mrs. Scott or Dr. Dixon. Respondent was served with notice of the complaint, but he has failed and refused to respond or to cooperate with the ODC in its investigation.

Count II

Many of respondent’s personal injury clients were referred to Baton Rouge Physical Medicine & Rehabilitation Associates (“clinic”) for medical treatment. Respondent obligated himself to pay his clients’ medical expenses, but at least sixteen eases have been settled without respondent’s remitting the amount owed to the clinic. The balance owed to the clinic exceeds $110,000. Respondent was served with notice of the complaint and responded by admitting the debt, but he has failed and refused to return the- converted funds or to honor the obligations he incurred.

Count III

Respondent was retained to represent a client in connection with an automobile accident case. Without the client’s knowl *1271 edge or consent, respondent settled the claim for $3,783.58. Respondent forged the client’s signature on the settlement draft and on the receipt and release, and he converted the settlement funds to his own use. The complainant, Stephen W. Brooks, Jr., is the attorney for the insurer which'paid the claim and which now faces suit by respondent’s client for the same damages that the insurer thought were resolved by the earlier settlement payment. Respondent was served with notice of the complaint, but he has failed and refused to respond or to cooperate with the ODC in its investigation.

Count IV

Mary D. Payne retained respondent to represent her in connection with a worker’s compensation case. During the course of the representation, respondent has failed and refused to communicate with his client and has neglected the legal matter entrusted to him. Respondent was also to have filed a malpractice suit against a physical therapist who treated Mrs. Payne. Respondent failed to file the malpractice complaint during the applicable prescriptive period, and the claim is now prescribed. Respondent was paid a fee of $350, but he performed no work on the client’s behalf. Respondent was sent notice of the complaint, but he has refused to accept the notification and has failed and refused to cooperate with the ODC in its investigation.

13Count V

Emma Jean Winfield retained respondent to represent her in connection with a redhibition matter. Respondent was paid a fee of $500, but he performed no work and refused to accept Ms. Winfield’s telephone calls. Respondent has failed and refused to return the unearned fee. Respondent was served with notice of the complaint, but he has failed and refused to respond or to cooperate with the ODC in its investigation.

Count VI

Janice and Loranzo Angel retained respondent to represent their son in connection with two criminal matters. Respondent was paid a total fee of $5,900 for both cases. Respondent abandoned the criminal representation of the Angels’ son, failed to appear on his behalf on numerous occasions, and ultimately caused the matter to be assigned to a public defender. Respondent has failed and refused to return the unearned fee, neglected the legal matter entrusted to him, failed to communicate with his client, failed to properly withdraw from the representation, and failed to cooperate with the ODC in its investigation. In addition, although this court placed respondent on interim suspension effective April 1,1997,[2] respondent failed to advise the Angels of this fact and continued to accept payment of fees from the Angels through May 1997.

Count VII

Lorraine Smith retained respondent to represent her in connection with a personal injury matter. Respondent subsequently advised Ms. Smith that he settled her case, but he failed to disclose to her the total amount of the settlement or to disburse the settlement recovery for her minor child. Ms. Smith did receive a check for $250 from respondent, but the check was returned for insufficient funds. Respondent has failed and refused to remit the settlement and has failed to account for the settlement to his client. Respondent was served with notice of the complaint, but he has failed and refused to respond or to cooperate with the ODC in its investigation.

\ ¿Count VIII

Alfrida Lawson retained respondent to represent her in connection with a succession matter. Respondent failed to corn- *1272 píete the succession or to place the heirs in possession of any of the decedent’s assets. Respondent received $25,000 from the proceeds of decedent’s life insurance policy, which was to be used to establish a trust fund for Ms. Lawson’s minor child; instead, respondent converted the funds to his own use. On April 17, 1997, respondent gave Ms. Lawson a promissory note and agreed to repay the $25,000 within six months at a 6% interest rate. Respondent has failed and refused to honor the promissory note. Respondent was served with notice of the complaint, but he has failed and refused to respond or to cooperate with the ODC in its investigation.

Count IX

Maryann Johnson retained respondent to represent her in connection with an EEOC claim. Respondent was paid a fee of $2,675, but he performed no work on the client’s behalf. Respondent has failed and refused to return the unearned fee, neglected the legal matter entrusted to him, failed to communicate with his client, engaged in misrepresentation and deceit, and failed to account to his client. Respondent was served with notice of the complaint, but he has failed and refused to respond or to cooperate with the ODC in its investigation.

Count X

Virginia Castle and Dionne Grishby retained respondent in two separate bankruptcy matters. In one matter, respondent was paid a fee of $860, but he failed to file the proper schedules in the bankruptcy court, failed to appear at hearings, failed to respond to contempt citations entered against him by the bankruptcy judge, and intentionally avoided the federal marshals who were attempting to serve him. Respondent was ultimately ordered jailed for civil contempt until he paid court-ordered sanctions and returned fees and costs to the attorney who assumed the representation of the client.
^DISCIPLINARY PROCEEDINGS
After an investigation, the ODC instituted formal charges against respondent. Respondent filed an answer denying any misconduct and raising as a mitigating factor his financial difficulties stemming from “a deficiency in my trust account created by the stopping of payment of a cashiers check by Whitney Bank and Life Savings Bank.”[3] The hearing committee conducted a formal hearing on January 11, 1999. Respondent failed to appear. The ODC presented witness testimony and documentary evidence in support of the charges and sought disbarment.

Hearing Committee Recommendation

The hearing committee concluded the testimony of the various witnesses and the exhibits introduced by the ODC proved by clear and convincing evidence that respondent’s conduct violates the professional rules as charged. Considering the numerous allegations of misconduct, and the history of prior disciplinary action, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC objected to the hearing committee’s report.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee that respondent is guilty of the misconduct set forth in the formal charges and that the charges were proven by clear and convincing evidence. The board found that respondent has violated duties owed to his clients, the profession, and the public, and has engaged in knowing and intentional misconduct.
Considering the circumstances, the board concluded that disbarment is the baseline sanction under Standards 4.11, 4.41, and 7.1 of the ABA’s Standards for Imposing Lawyer Sanctions. The board *1273 found no mitigating factors present, and found the following aggravating factors: prior discipline, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, refusal to acknowledge wrongdoing, vulnerability of the victims, substantial legal experience (admitted 1987), and indifference to making restitution.
Accordingly, the board recommended that respondent be disbarred from the practice of law. However, it noted that since respondent is currently disbarred, he technically cannot be |fidisbarred again. Nonetheless, this court has the authority to extend the minimum period of time that must pass before respondent may apply for readmission. In re: Parker, 97-2351 (La.1/30/98), 705 So.2d 736; Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987).[4] The board therefore recommended that the minimum period which must expire before respondent may apply for readmission be extended until five years after the effective date of the court’s judgment in this matter. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record clearly supports the findings of the hearing committee and the disciplinary board that respondent lacks the moral fitness necessary to practice law in the State of Louisiana. His actions demonstrate a complete and utter disregard for the welfare of his clients, and his actions caused substantial harm to his clients and to third persons.
Accordingly, we accept the disciplinary board’s recommendation of disbarment, and will extend the minimum period for readmission for an additional five years from the date of the finality of this judgment.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Accordingly, it is ordered that the minimum period within which David |7Fergurson, Sr. may seek readmission to the practice of law be extended for a period of five years, commencing from the finality of this judgment. Respondent is further ordered to make restitution to his clients. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence running thirty days from the date of finality of judgment until paid.

 Lemmon, J. not on panel. Rule IV, Part II, § 3.

. This court disbarred respondent for misconduct substantially similar to that charged in the instant matter. In re: Fergurson, 98-2591 (La.12/18/98), 730 So.2d 429.

. On March 27, 1997, this court placed respondent on interim suspension effective April 1, 1997, pursuant to a joint motion by the ODC and respondent alleging that respondent commingled and converted client funds. See In re: Fergurson, 97-0593 (La.3/27/97), 691 So.2d 674.

. Respondent also raised the stop payment ' issue in the earlier disbarment proceeding. Apparently, respondent deposited a $27,000 check into his trust account that was subsequently returned unpaid.

. In Krasnoff, this court concluded it was appropriate to extend the period within which a disbarred attorney could apply for reinstatement:
Clearly the provision requires a mandatory minimum period of five years before a disbarred attorney may petition for reinstatement. As this is only a minimum requirement, we are free to extend such period as appears appropriate in the circumstances. After carefully considering the options available, and the suggestions made by the Committee on Professional Responsibility, we conclude the proper disciplinary penalty to be assessed against Respondent is an extension of the minimum five year period which must expire before he may apply for reinstatement to the practice of law.