787 So.2d 294 (2001)
In re Ronald G. HAND.
No. 2000-B-3106.
Supreme Court of Louisiana.
June 1, 2001.
Charles B. Plattsmier, G. Fred Ours, Baton Rouge, Counsel for Applicant.
Elizabeth A. Alston, New Orleans, Counsel for Respondent.
Ronald G. Hand, pro se.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This disciplinary proceeding involves respondent, Ronald G. Hand, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension.[1]

*295 UNDERLYING FACTS
Respondent represented Frances Pecora, the owner of Certified Lloyds Insurance Company ("Certified Lloyds"), in connection with certain real estate matters. On March 30, 1990, respondent contacted Ms. Pecora to advise her with regard to a building she had purchased at a sheriffs sale. Later in the day, her son, Nofio Pecora,[2] arrived at respondent's office with $53,900 in cash, which was counted and banded into stacks of approximately $9,000 each. Mr. Pecora requested respondent assist him in purchasing multiple cashier's checks in amounts less than $10,000. Respondent assumed this request was made for the purpose of avoiding federal regulations which required reporting of currency transactions in excess of $10,000. Nevertheless, he agreed to Mr. Pecora's request. At respondent's instruction, his employees took six of the stacks, purchased cashier's checks from various banking institutions, and returned them to respondent. The cashier's checks were negotiated by Mr. Pecora, who in turn deposited the funds into an operating account for Certified Lloyds.
Subsequently, the United States Attorney's Office and the Federal Bureau of Investigation conducted an investigation of the Pecoras for money laundering through Certified Lloyds. During the course of this investigation, the authorities learned of respondent's actions. Respondent admitted to the federal agents that he assisted Mr. Pecora in illegally structuring the currency transactions to avoid the federal reporting requirements. He recognized that his actions were illegal, but did not want to lose Ms. Pecora's business as his law practice was very slow. He further pointed out he did not receive a fee from this transaction. Without resisting or negotiating, he indicated to federal authorities he wanted to get the matter behind him and agreed to plead guilty to any criminal charges prosecutors thought were appropriate, as well as agreed to assist in the federal investigation against the Pecoras.
On December 5, 1991, respondent pled guilty in United States District Court for the Eastern District of Louisiana to one felony count of illegally structuring financial transactions to evade reporting requirements, a violation of 31 U.S.C. § 5324(3). Although the sentencing guidelines provided for imprisonment from twelve to eighteen months, the U.S. Attorney recommended a downward departure from the proposed sentencing guidelines, on the ground respondent had no motive for carrying out the acts other than to assist his client, and because he had been an "exemplary and productive cooperating witness." On March 10, 1993, the district court sentenced respondent to three years probation, ordered him to perform 240 hours of community service, and ordered him to pay a fine of $5,000.[3]

DISCIPLINARY PROCEEDINGS
Prior to the institution of formal charges, respondent and the Office of Disciplinary Counsel ("ODC") filed a joint petition for consent discipline proposing that respondent be suspended for a period of eighteen months, with twelve months deferred, followed by a two-year period of probation. The petition recognized several mitigating factors, including the absence of *296 a prior disciplinary record, absence of selfish motive, business and financial problems, timely effort to rectify the consequences of the misconduct by providing substantial assistance to the federal criminal authorities, cooperation with the ODC, prior and subsequent good character and reputation, delay in the disciplinary process (not attributable to the ODC), imposition of other sanctions (criminal penalty and revocation of bank officer position resulting in the loss of hospitalization benefits), and remorse. Only two aggravating factors were cited: substantial experience in the practice of law and illegal conduct.

Disciplinary Board Recommendation
The disciplinary board concluded respondent knowingly violated his duty owed to the profession and public, which resulted in actual injury to the profession in that it reflected poorly on it and eroded the public's trust and confidence. Relying on the ABA's Standards for Imposing Lawyer Sanctions,[4] the mitigating factors cited by respondent and the ODC, and jurisprudence from this court, the board recommended the proposed consent discipline be adopted.
One board member filed a concurrence, finding the proposed sanction was appropriate due to respondent's lack of selfish motive and personal gain. Two board members dissented from the majority's recommendation. One of these members issued reasons stating that none of the suspension should be deferred.
On January 5, 2001, this court rejected the petition for consent discipline. In re Hand, 00-3106 (La.1/5/01), 777 So.2d 1238. Respondent then filed an application for reconsideration of that order. In connection with his application for reconsideration, respondent and the ODC filed a joint stipulation of submission, which states in pertinent part:
The parties jointly waive the presentation of formal charges and submission of this matter to a hearing committee for its recommendations to the Louisiana Attorney Disciplinary Board.
The parties jointly waive the opportunity to file briefs and present oral argument before the Louisiana Attorney disciplinary board.
The parties agree to submit this matter for unfettered decision on the merits and imposition of sanctions to the Louisiana Supreme Court following the submission of briefs and oral argument, should the Court so order.
On March 9, 2001, this court granted reconsideration in the matter, allowing the parties to waive presentation of the formal charges and submission of the matter to the hearing committee and disciplinary board. The parties were allowed to submit the matter for unfettered decision on the merits and imposition of sanctions by this court, following the submission of briefs and oral argument. The matter was then set on this court's docket, and briefed and argued by the parties.

DISCUSSION
Respondent has admitted to the facts forming the basis of his federal conviction. Therefore, the sole issue presented is the appropriate sanction for respondent's misconduct. In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather *297 to maintain appropriate standards of professional conduct, to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass'n v. Guidry, 571 So.2d 161 (La.1990).
In the recent case of In re: Ferrouillet, 99-3434 (La.6/30/00), 764 So.2d 948, we imposed a three-year suspension on an attorney charged with sixteen counts of criminal conduct, including money laundering, conspiracy, submission of false statements to a federally insured banking institution, and making false statements to federal agents. While respondent's conviction also involves money laundering, his full and forthright cooperation with the federal authorities stands in stark contrast to the attorney's actions in Ferrouillet.[5] Other significant mitigating factors in this case include respondent's lack of criminal intent and motive, remorse, the absence of a prior disciplinary record, and the length of time between the underlying conduct and the disciplinary proceeding.[6]
Considering the facts of this case, we conclude that respondent should be suspended from the practice of law for a period of eighteen months. However, in light of the significant mitigating factors supported by the record, we will defer nine months of that suspension, subject to a two-year period of probation.

DECREE
Upon consideration of the record, briefs and oral argument, it is ordered that Ronald G. Hand be suspended from the practice of law in the State of Louisiana for a period of eighteen months, retroactive to the date of his September 13, 2000 interim suspension. Nine months of this suspension shall be deferred, subject to a two-year period of probation. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[*] Retired Judge Robert L. Lobrano sitting as Justice Pro Tempore in place of Associate Justice Harry T. Lemmon. Judge Felicia Toney Williams of the Court of Appeal, Second Circuit, sitting as Justice Pro Tempore in place of Associate Justice Bernette J. Johnson.
[1] Pursuant to a joint motion filed by respondent and the ODC, he was placed on interim suspension on September 13, 2000 for the misconduct giving rise to the instant matter. In re Hand, 00-2591 (La.9/13/00), 770 So.2d 762.
[2] Mr. Pecora's name is also spelled "Pecoraro."
[3] Due to respondent's assistance with federal authorities, Ms. Pecora pled guilty to mail fraud and wire fraud. Her son fled the country and is currently a fugitive. Respondent has agreed to cooperate with federal prosecutors in the event Mr. Pecora returns to the United States.
[4] Standard 5.11 suggests that disbarment is appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, or in cases where the lawyer's conduct involves dishonesty, fraud, deceit or misrepresentation.
[5] It is noteworthy that the Assistant U.S. Attorney who prosecuted respondent's criminal case wrote a letter in respondent's favor in connection with the disciplinary proceedings detailing his cooperation with the Government. That letter states in pertinent part:

It is of note that based upon the Government's evidence, we believe and continue to believe that aside from agreeing to assist his client Mr. Pecora, Mr. Hand had no other motive for carrying out these structuring acts.
I must say that Mr. Hand's immediate confession, acceptance of responsibility, and acknowledgment of culpability are, under the circumstances, both exceptional and unusual, as was his willingness to fully cooperate. Hence, the Government's request that the sentencing court depart downward in imposing the sentence upon Mr. Hand. I might add that at all times in our dealings with Mr. Hand, from the very first point at which he walked into our office, through the conclusion of the case in which he provided substantial assistance, his conduct as a cooperating witness, his assistance and his candor were exemplary.
[6] The record does not disclose the reason for the delay in instituting disciplinary proceedings, although the petition for consent discipline indicates the delay was not due to any fault on the part of the ODC.