815 So.2d 794 (2002)
In re Leonard O. PARKER, Jr.
No. 2000-B-3532.
Supreme Court of Louisiana.
March 15, 2002.
Charles B. Plattsmier, Baton Rouge, Julie B. White, Counsel for Applicant.
Leonard O. Parker, Jr., New Orleans, Counsel for Respondent.
William A. Porteous, III, New Orleans, Counsel for Dennis S. Mann, Fernand L. Laudumiey, III (Amicus Curiae).
Elizabeth A. Alston, New Orleans, Counsel for Louisiana Association of Professional Responsibility (Amicus Curiae).
PER CURIAM.
This disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Leonard O. Parker, Jr.

PRIOR DISCIPLINARY HISTORY
On January 24, 1997, we disbarred respondent for commingling and conversion of client funds and failure to cooperate with ODC. In re: Parker, 96-2697 c/w 96-2698 (La.1/24/97), 687 So.2d 96 (hereinafter referred to as Parker I). This decision became final upon denial of rehearing on March 14, 1997.
On January 30, 1998, we again disbarred respondent from the practice of law stemming from four counts of misconduct involving destruction of criminal evidence, neglect of legal matters, failure to refund and account for unearned fees, commingling and conversion of client funds and failure to cooperate. In re: Parker, 97-2351 (La.1/30/98), 705 So.2d 736 (hereinafter referred to as Parker II.)

*795 UNDERLYING FACTS
The instant matter arises from respondent's representation of Mary Wheeler. In November 1996, Ms. Wheeler was sued by an individual who alleged he had been bitten by a dog owned by her. On January 7, 1996, Ms. Wheeler retained respondent to represent her in the case. Respondent advised Ms. Wheeler his fee for representing her in the matter would be $1,000. Ms. Wheeler paid respondent $500 towards his $1,000 fee. Other than filing an answer on Ms. Wheeler's behalf, respondent took no action in the case.
Shortly thereafter, on January 24, 1997, we rendered our opinion in Parker I, disbarring respondent from the practice of law. Respondent filed an application for rehearing from that decision. While respondent's application for rehearing was pending in this court, respondent met with Ms. Wheeler and requested an additional $127 from her for filing fees in her case. He failed to advise her that he was in jeopardy of losing his license to practice law.
On March 12, 1997, respondent accepted a $500 fee from Ms. Wheeler in connection with a separate legal matter involving Ms. Wheeler's granddaughter. Meanwhile, on March 14, 1997, this court denied rehearing in Parker I, and respondent's disbarment became effective.
On March 17, 1997, respondent sent a letter to Ms. Wheeler indicating he was withdrawing from representing her in both the dog bite case and the matter involving her granddaughter. The letter failed to mention respondent had been disbarred from practice, and simply stated:
Please contact me upon receipt of this letter to discuss the reasons for these actions and a refund of the unearned fees in this matter. I sincerely apologize for having to take this action and wish you well in your endeavors.
Thereafter, Ms. Wheeler retained other counsel, Raymond Ward, who negotiated a settlement in the dog bite case. Mr. Ward then wrote to respondent on two occasions regarding the unearned fees. When respondent failed to reply, Mr. Ward filed a suit against respondent on behalf of Ms. Wheeler in First City Court for the City of New Orleans seeking the unearned fees.
Mr. Ward, on Ms. Wheeler's behalf, also filed a complaint with the ODC, alleging respondent failed to account for or return the unearned fee. In support, the complaint alleged respondent failed to perform any services on behalf of Ms. Wheeler in the two legal matters in which he was retained to represent her, with the exception of the filing of a one-page answer in the dog bite case.

DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed formal charges against respondent, alleging respondent failed to refund an unearned fee in violation of Rules 1.5(f)(6) and 1.16(d), and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Rule 8.4(d) of the Rules of Professional Conduct.[1]
Respondent filed an answer to the formal charges. He maintained he performed services on behalf of his client in the dog bite case and that no fees were refundable.

Formal Hearing
Respondent appeared at the hearing. Although he did not testify on his own behalf, he cross-examined the ODC's witnesses. *796 Ms. Wheeler testified she trusted respondent since he was a reverend at a church she occasionally attended and that he never advised her at any time that he had been the subject of disciplinary proceedings or that he had been disbarred from practice. She stated that although she had paid respondent a total of $1,127 in legal fees to handle both cases, she was unaware if he had performed any legal services on her behalf. However, she did admit that they had met on a few occasions to discuss the cases, which totaled 2.75 hours. Mr. Ward's testimony corroborated that of Ms. Wheeler.

Hearing Committee Recommendation
The hearing committee concluded respondent violated the professional rules as charged. Specifically, it found respondent failed to refund the unearned fees even after acknowledging in writing that he owed them, that he deceived his client by failing to inform her that he was the subject of disciplinary proceedings, and undertook representation of her in a new matter after the date of his disbarment. The committee noted respondent breached the duties owed to his client, the public, the legal system and the profession. Relying on the ABA's Standards for Imposing Lawyer Sanctions,[2] it concluded the baseline sanction is suspension. While it found no mitigating factors to be present, the committee recognized that nine of the ten aggravating factors are present, namely, prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by failing to comply with the rules of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law (admitted 1982), and indifference to making restitution. Further, the committee noted in aggravation that respondent violated Supreme Court Rule XIX, § 26(E) in failing to refund the unearned fees within thirty days after entry of this court's earlier disbarment orders and in failing to refund the fees to date, and violated Supreme Court Rule XIX, § 26(G) when he undertook new legal matters between service of the order of disbarment and the effective date of the discipline. Finally, the committee observed respondent's actions evidenced his "complete indifference to and total lack of respect for the disciplinary system."
Based on these considerations, the committee recommended respondent again be disbarred from practice. Recognizing that respondent had already been disbarred on two prior occasions, the committee found as a practical matter he could not be disbarred again. However, citing Louisiana State Bar Ass'n v. Krasnoff, 502 So.2d 1018 (La.1987), the board concluded this court has the authority to extend the minimum period which must expire before respondent may apply for readmission. Moreover, the committee noted that "if there were a convincing case for the adoption or introduction of a permanent disbarment procedure in Louisiana, this is the *797 case."[3]

Disciplinary Board Recommendation
The disciplinary board concurred in the findings and recommendation of the hearing committee, and recommended respondent be disbarred. Like the hearing committee, it found respondent's actions made a compelling case for the imposition of permanent disbarment.
Neither respondent nor the ODC filed objections to the recommendation of the disciplinary board, which was filed in this court on December 28, 2000. However, in light of the board's recommendation that the court consider the imposition of permanent disbarment under the egregious facts of this case, we deferred action on the case pending our consideration of a rule relating to permanent disbarment.

DISCUSSION
On August 1, 2001, after a lengthy period of study and public comment, this court adopted amendments to Supreme Court Rule XIX, § 10[4] and § 24[5] to provide for the sanction of permanent disbarment. On September 13, 2001, we ordered respondent and the ODC to brief the issue of whether permanent disbarment should be imposed in this matter.[6] The order further provided that respondent could request oral argument in his brief, and that if such a request was made, the case would be docketed; otherwise, the matter would be considered only on the briefs. Respondent did not file a brief.
However, on October 3, 2001, two attorneys potentially facing permanent disbarment filed a "Motion for Leave to File Amicus Curiae Brief, for Oral Argument, and to Participate in Oral Argument." The amici asserted that they are in a similar posture to respondent as their misconduct occurred prior to August 1, 2001, but the ODC will be seeking to permanently disbar them.
Because of the unusual issues presented in this case, we permitted the amici to file briefs and participate in oral argument. At oral argument, the amici suggested that the permanent disbarment rules could not operate retroactively because to do so *798 would deprive the respondent-attorney of the right to seek readmission, a right granted to him at the time of the underlying misconduct. In opposition, the ODC argued that this court always had discretion to foreclose a disbarred attorney from seeking readmission, and contended the rule changes were merely guidelines by which the court will exercise its discretion and authority.
Having considered the record of the instant proceeding in light of the well-presented arguments of the amici and the ODC, we now conclude that we need not resolve the issue of retroactivity of the permanent disbarment rules in the context of the present facts.
While the disciplinary board's recommendation that we consider the imposition of permanent disbarment in this matter and our resulting decision to defer consideration of the matter were well intentioned, our lengthy deliberations over the permanent disbarment rule resulted in this case being held over two years. The resulting delay itself presents a factor which must be considered. See Standard 9.32(i) of the ABA's Standards for Imposing Lawyer Sanctions; In re: Hand, 00-3106 (La.6/1/01), 787 So.2d 294.
Most significantly, our review of the record in this case reveals the misconduct in the instant case occurred within the same time frame as the misconduct which formed the basis for respondent's disbarment in Parker II. In Louisiana State Bar Ass'n v. Chatelain, 573 So.2d 470 (La. 1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis for a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in Chatelain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in respondent's previous disciplinary proceedings.[7]
As the hearing committee observed, the baseline sanction for respondent's actions in the instant case, had they been considered in isolation, would probably be a suspension. However, respondent's actions in this case, combined with his similar conduct in both Parker I and Parker II, demonstrates an overall pattern of lack of concern for his clients' welfare. Numerous aggravating factors are present. We are unable to discern any mitigating factors from the record.
Had the instant charges been filed simultaneously with those charges forming the basis of respondent's earlier disbarments, they would have only reinforced our view that respondent lacks the moral fitness to practice law and must be disbarred, both as a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations *799 which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent's lengthy history of egregious misconduct, this court will carefully scrutinize any application for readmission with a critical eye.
In sum, without passing on the question of whether we could apply the permanent disbarment rules to this case, we elect in our discretion to resolve this case under the principles set forth in Chatelain. Accordingly, respondent is adjudged guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so.

DECREE
For the reasons assigned, respondent, Leonard 0. Parker, Jr., is adjudged guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] The formal charges originally included a second count alleging respondent failed to cooperate with the ODC in its investigation of the Wheeler matter. However, at the formal hearing, the ODC dismissed this count.
[2] Standard 4.61 provides "[d]isbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client."

Standard 6.22 provides "[s]uspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding."
Standard 7.2 provides "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system."
[3] One member of the committee wrote a concurrence amplifying these sentiments and suggesting this court adopt a "Three Strikes You're Out Forever" policy regarding disbarment.
[4] Supreme Court Rule XIX, § 10(A) was amended to add the highlighted language:

(1) Disbarment by the court. In any order or judgment of the court in which a lawyer is disbarred, the court retains the discretion to permanently disbar the lawyer and permanently prohibit any such lawyer from being readmitted to the practice of law.
[5] Supreme Court Rule XIX, § 24(A) was amended to add the highlighted language:

A disbarred lawyer or a suspended lawyer who has served a suspension period of more than one year, exclusive of any waivers or periods of deferral, shall be reinstated or readmitted only upon order of the court. No lawyer may petition for reinstatement until six months before the period of suspension has expired. No lawyer may petition for readmission until five years after the effective date of disbarment. A lawyer who has been placed on interim suspension and is then disbarred for the same misconduct that was the ground for the interim suspension may petition for readmission at the expiration of five years from the time of the effective date of the interim suspension. The court retains the discretion, in accordance with Section 10A of this rule, to permanently disbar a lawyer and permanently prohibit any such lawyer from being readmitted to the practice of law.
[6] Similar orders were issued in In re: Gros, 98-B-0772 (La. 3/15/02), 815 So.2d 799, and In re: Patrick, 01-B-1419 (La. 3/15/02), 815 So.2d 804. We address those cases in separate opinions rendered this day.
[7] Our decision should not be interpreted as espousing the position advanced by the amici in this case that the date of the misconduct determines whether the permanent disbarment rules should be applied. As noted above, we expressly decline to resolve that issue, and nothing in this opinion should be interpreted as passing on whether we could or could not impose permanent disbarment under these facts.