ATTORNEY DISCIPLINARY PROCEEDINGS
[,PER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Kerry E. Shields, a disbarred attorney. For his misconduct, respondent proposed that he be adjudged guilty of additional violations warranting disbarment which will be added to' his record and considered at such time as he applies for readmission from his prior disbarment. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary *408 board recommended the proposed discipline be accepted.
PRIOR DISCIPLINARY HISTORY
Respondent was admitted to the practice of law in Louisiana in 1976. In July 1998, the ODC received a complaint alleging that respondent had commingled and converted client funds. After an investigation, respondent and the ODC filed a joint petition for interim suspension in this court. On September 16, 1998, we placed respondent on interim suspension and ordered that disciplinary proceedings be instituted. In re: Shields, 98-2874 (La.9/16/98), 718 So.2d 403.
' Thereafter, the parties filed a joint petition for consent disbarment, in which respondent acknowledged that he commingled and converted $126,000 in settlement funds belonging to two minor clients. In March 1999, we accepted the petition for consent discipline and ordered that respondent be disbarred. In re: Shields, 99-0439 2(La.8/19/99), 731 So.2d 223 (“Shields I ”). We also ordered respondent to pay restitution to his former clients in the amount of $126,000 plus legal interest.
UNDERLYING FACTS
In 1996, Alman Ledet, Jr. retained respondent to represent him in a personal injury matter. Respondent settled the claim in 1997 and withheld funds from the settlement proceeds to pay Mr. Ledet’s medical expenses. However, respondent failed to disburse $4,800 of these funds to the third-party medical providers, and instead commingled and converted the funds to his own use.
DISCIPLINARY PROCEEDINGS
In 1999, Mr. Ledet filed a complaint against respondent with the ODC. On November 5, 2001, the ODC filed one count of formal charges against respondent, alleging his conduct in the Ledet matter violated Rule 1.15 (safekeeping property of clients or third persons) of the Louisiana Rules of Professional Conduct. Respondent answered the formal charges and admitted he failed to pay Mr. Ledet’s medical providers. Respondent also expressed his willingness to make full restitution to Mr. Ledet after he completed the payment of restitution in connection with Shields I.
After the matter was set for a formal hearing on the merits, the ODC filed a pre-hearing memorandum in which it acknowledged that respondent’s misconduct in the Ledet matter occurred in the same time frame as the misconduct for which respondent was disbarred in Shields I. Thereafter, respondent filed a petition for consent discipline, proposing that he be adjudged guilty of additional violations warranting disbarment which will be added to his record for consideration in the event he applies | -¡for readmission from his prior disbarment. The ODC concurred in respondent’s petition for consent discipline.

Disciplinary Board Recommendation

The disciplinary board found that respondent violated duties owed to his client, Mr. Ledet. The board observed that although the record contains little information concerning respondent’s state of mind, his conduct appears to have been knowing, if not intentional. The harm to Mr. Ledet was also not addressed in the petition for consent discipline, but at the very least, respondent put his client in jeopardy of having to pay the medical providers out of other funds and deprived the medical providers of the timely use of their money. Relying on the ABA’s Standards for Imposing Lawyer Sanctions and Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), the board determined the baseline sanction for this misconduct is disbarment. However, recognizing that the con *409 duct at issue occurred during the same time frame as the misconduct for which respondent was disbarred in 1999, the board recommended respondent be adjudged to have committed an additional violation of the Rules of Professional Conduct, and that this violation be added to his record and considered at such time as he may seek readmission to the practice of law. The board further recommended respondent be ordered to pay restitution to Mr. Ledet in the amount of $4,800 plus legal interest, and that he be assessed with all costs of these proceedings.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject 14to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent has admitted that he commingled and converted client funds. As the disciplinary board correctly noted, this misconduct occurred in the same time frame as the misconduct forming the basis of respondent’s earlier disbarment. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis of a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in Chatelain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so. See also In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in respondent’s previous disciplinary proceeding.
|sHad the instant charges been filed simultaneously with those charges forming the basis of respondent’s earlier disbarment, they would have only reinforced our view that respondent lacks the moral fitness to practice law and must be disbarred, both as a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations warranting disbarment, to be considered in the event he makes a future application for readmission.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Kerry Eugene Shields be adjudged guilty of additional violations which warrant disbarment and which may be considered in the event he applies for readmission from his disbarment in In re: *410 Shields, 99-0439 (La.3/19/99), 731 So.2d 223, after becoming eligible to do so. Respondent is ordered to pay restitution to Alman Ledet, Jr. in the amount of $4,800 plus legal interest. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.