DISCIPLINARY PROCEEDINGS
hPER CURIAM*.
Respondent was charged with two counts of misconduct involving two separate clients. In Count I, it was alleged that he sent letters to a client in a criminal ease indicating that an appeal brief was filed in the client’s case and that he was awaiting a decision from the court of appeal. In fact, the client’s appeal had been dismissed for failure to pay costs. In Count II, it was alleged that respondent, in connection with a writ application to the court of appeal on a bail reduction matter, stated that his client had only been indicated *434 on two counts of distribution of a controlled dangerous substance and that six other counts had been dismissed. In fact, his client had been indicted by the grand jury for five counts of distribution of marijuana and three counts of distribution of cocaine. Respondent did not dispute the allegations in either count, but contended that he had no intent to mislead his clients or the court, and that errors were caused by his office staff.
The hearing committee found respondent had no intent to mislead and did not cause injury or damage to his clients. It recommended a reprimand as an appropriate sanction. The disciplinary board concurred in the hearing committee’s findings of fact. However, based on the fact that respondent had been previously reprimanded for similar conduct, it rejected the hearing committee’s recommended discipline. Instead, the board recommended a ninety day suspension, deferred on the condition that respondent pay all costs of the proceedings and earn ten hours of continuing legal education credit in the area of law office management for small firms.
Based upon our review of the findings and recommendations of the hearing ^committee and the disciplinary board, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted. Accordingly, it is ordered that respondent be suspended for a period of ninety days, but that said suspension be deferred upon the following conditions to be completed within six months from the finality of the decision in this matter: (1) respondent shall pay all costs of proceedings and (2) respondent will earn ten hours of continuing legal education credit course work in law office management for small firms and present documentation of such course work to disciplinary counsel. Any violation of these two terms shall cause the deferred suspension to be revoked.
KIMBALL, J., would docket for argument.
CALOGERO, C.J., not participating.
JOHNSON, J., not on panel.

Johnson, J. not on panel. Rule IV, Part 2, § 3.