ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM.
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Edward L. Henderson. Respondent has been disbarred since 2002. In re: Henderson, 02-0903 (La.6/6/02), 819 So.2d 296 (“Henderson I ”).
*1155 UNDERLYING FACTS
In February 1997, McArthur Schales and Calvin Moss retained respondent to represent them in a personal injury matter arising out of an automobile accident. Respondent filed suit in state court on October 2, 1997, but the defendants subsequently removed the case to federal court. On January 30, 1998, defendant Mark Jones (the driver of the vehicle that struck Mr. Schales and Mr. Moss) was dismissed without prejudice due to respondent’s failure to serve Mr. Jones properly. On November 4, 1998, the case was dismissed without prejudice as to the remaining defendants due to respondent’s failure to comply with court orders relating to pretrial matters. Respondent failed to inform his clients of the dismissal, and over the following year, he misled them about the status of the case.
In November 2000, Mr. Schales and Mr. Moss filed a complaint against respondent with the ODC. On November 30, 2000, the ODC forwarded a copy of the complaint to respondent by certified mail. Respondent failed to reply to the | ¡.complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on January 30, 2001 and answer the complaint under oath. Respondent failed to appear, and he failed to produce the records that had been requested in conjunction with the ODC’s investigation of the complaint.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent, alleging that his conduct in the Schales/Moss matter violates the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.7(b) (representing a client when the representation is materially limited by the lawyer’s own interests), 3.4(a) (unlawfully obstructing another party’s access to evidence), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation). In addition, the ODC alleged that respondent violated Supreme Court Rule XIX, § 9(c) by failing to appear pursuant to a subpoena.
[.■¡Respondent answered the formal charges and generally denied any misconduct.[1] Accordingly, this matter proceeded to a formal hearing on the merits.

Hearing Committee Recommendation

After reviewing the record of this matter, the hearing committee made a factual finding that the lawsuit filed by respondent on behalf of Mr. Schales and Mr. Moss was dismissed by the federal court on November 4, 1998; respondent failed to timely and adequately communicate to his clients the fact of the dismissal and its significance; respondent advanced funds to his clients after the lawsuit was dis *1156 missed; respondent did not respond to a subpoena from the ODC; and respondent did not cooperate with the ODC in its investigation. Based on these factual findings, the committee determined respondent violated the Rules of Professional Conduct.[2] However, the committee noted that respondent’s misconduct occurred in the same time frame as the misconduct at issue in respondent’s disbarment in Henderson I.[3] Accordingly, the committee recommended that respondent be adjudged guilty of additional violations warranting disbarment, to be considered in the event respondent makes a future application for readmission.
I ¿Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board agreed the hearing committee’s factual findings are not manifestly erroneous,[4] and generally concurred in the committee’s application of the Rules of Professional Conduct. The board found that respondent knowingly and intentionally violated duties owed to his clients when he failed to adhere to the federal court’s order, failed to seek reinstatement of his clients’ case after it was dismissed, failed to advise his clients of the dismissal, and failed to cooperate with the ODC. Mr. Schales and Mr. Moss were harmed by the loss of their day in court and the disciplinary system’s resources were expended for a subpoena which resulted in a proces verbal disposition. The board concluded the baseline sanction for respondent’s misconduct is disbarment.
As aggravating factors, the board recognized respondent’s prior disciplinary offenses,[5] pattern of misconduct, bad faith obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1981). The board found no mitigating factors are present.
The board agreed with the hearing committee that respondent’s misconduct occurred in the same time frame as the misconduct at issue in respondent’s 2002 | ^disbarment. Accordingly, the board recommended that respondent be adjudged guilty of additional violations warranting disbarment, to be considered in the event *1157 respondent makes a future application for readmission.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1816 (La.11/80/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports a finding of professional misconduct that is unquestionably serious in nature. Respondent failed to comply with pre-trial orders issued by a federal court, and as a consequence, his clients’ case was dismissed. Thereafter, respondent failed to take any steps to have the case reinstated, and he failed to advise his clients of the dismissal. No less serious is the fact that respondent failed to cooperate with the ODC in its investigation and failed to appear for a sworn statement in response to a subpoena.
| fiHavmg found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct caused his clients to suffer actual harm in the loss of their cause of action. There are no mitigating factors present; however, numerous aggravating factors exist. Under these circumstances, we conclude disbarment is the proper sanction.
As the hearing committee and disciplinary board correctly noted, the substantive misconduct at issue in this case occurred in the same time frame as the misconduct forming the basis of respondent’s disbarment in Henderson I. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis of a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in Cha-telain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so. See also In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Ac- *1158 eordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in respondent’s previous disciplinary proceeding.
Had the instant charges been filed simultaneously with those charges forming the basis of respondent’s earlier disbarment, they would have only reinforced our view that respondent lacks the moral fitness to practice law and must be disbarred, both as a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s lengthy history of egregious misconduct, this court will carefully scrutinize any application for readmission with a critical eye.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Edward L. Henderson be adjudged guilty of additional violations which warrant disbarment and which may be considered in the event he applies for readmission from his disbarment in In re: Henderson, 02-0903 (La.6/6/02), 819 So.2d 296, after becoming eligible to do so. |SA11 costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent admitted that he was retained to represent Mr. Schales and Mr. Moss, and that one of the defendants in the case was dismissed without prejudice by the court. Respondent also admitted he failed to appear at the ODC’s offices on January 10, 2001. The remaining allegations of the formal charges were denied.

. The committee found the ODC proved the formal charges by clear and convincing evidence, but refused to find a violation of Rule 8.4(c), relating to conduct involving dishonesty, fraud, deceit, or misrepresentation. At the formal hearing, the ODC had suggested respondent did not inform his clients of the dismissal of their suit because he was attempting to "string them along” until the delay for filing a malpractice suit had passed. While conceding it was "possible to so conclude,” the committee ultimately did not find clear and convincing evidence to support the ODC's assertion.

. The disbarment in Henderson I involved misconduct occurring between November 1992 and December 1999. The substantive misconduct at issue in the instant matter occurred between 1997 and 1999.

. The board added additional factual findings with respect to the cause for the federal court’s dismissal of the Schales/Moss personal injury case. On April 8, 1998, the court entered a minute entry noting that respondent, as counsel for the plaintiffs, had failed to initiate the process by which the parties schedule pre-trial deadlines. The court cautioned that respondent's failure to abide by the "plan of work” order could lead to the dismissal of the case. On November 5, 1998, the court entered judgment dismissing the case without prejudice due to respondent's failure to abide by the April 8, 1998 order.

. In addition to the 2002 disbarment, respondent was suspended by this court for a period of two years in May 2000. In re: Henderson, 99-3593 (La.5/26/00), 761 So.2d 523.