ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This matter arises from five counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against Joyce H. Watts, an attorney licensed to practice law in Louisiana. The ODC alleges that respondent's. conduct violates Rules 1.2 (scope of the representation), 1.3 (lack of diligence), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15 (safekeeping property of clients or third persons), 1.16(d) (termination of the representation), 8.1 (failure to cooperate with the ODC), 8.4(a) (violation of the Rules of Professional Conduct), 8 .4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the OD.C) of the Rules of Professional Conduct. .
UNDERLYING FACTS

Count I

In 1989, Pamela Angel was involved in a traffic accident. In 1990, Laurence Cohen, a New Orleans attorney, filed suit on Ms. Angel’s behalf. Subsequently, respondent assumed representation of Ms. Angel, and guaranteed Mr. Cohen’s $5,500 legal fee. In April 1994, respondent settled Ms. Angel’s claim against one defendant for $5,000. Respondent did not remit this settlement to Ms. Angel. Instead, without accounting to Ms. Angel or obtaining her consent, respondent applied the funds- to her fee for handling other legal matters for Ms. Angel. In July 1994, respondent settled Ms. Angel’s claim against the remaining defendants for $52,750. Respondent did | ¡.not account for the settlement to Ms. Angel, nor did she remit to Mr. Cohen the legal fee she had guaranteed. Additionally, respondent failed to keep her client’s funds in a proper trust account.

Count II

Respondent represented Thomas De-Witt, Jr. in connection with a divorce mat *1279 ter. In July 1995, he paid respondent $351.50 in fees and court costs, plus a $200 legal fee, to file the petition for divorce. Respondent failed to forward the costs to the court and failed to pursue Mr. De-Witt’s divorce. Additionally, she failed to keep her client’s funds in a proper trust account. Respondent abandoned her client, failed to communicate with him, failed to account for fees and court costs, failed to return any unearned fees, and commingled and converted her client’s funds.

Count III

In May 1994, Michael R. Martin retained respondent to pursue a personal injury matter. Respondent failed to communicate with Mr. Martin and failed to keep him informed as to the status of the case. In December 1994, respondent settled Mr. Martin’s claim for $6,325, but she did not inform Mr. Martin of this fact. Respondent failed to remit any settlement funds to Mr. Martin until April 1996, when she gave him $2,000 and promised to pay an additional $2,000 in installments over a specified time period. However, respondent did not make the installment payments as promised and instead commingled and converted the funds to her own use. Respondent also failed to keep her client’s funds in a proper trust account.

Count TV

In December 1993, Gwendolyn Sparks retained respondent to represent her son, Samuel Tyler, in a personal injury matter. Although respondent filed suit in the matter, she thereafter did little or nothing on behalf of her client and failed to complete the matter. Respondent also failed to communicate with Ms. Sparks and Mr. Tyler and failed to keep them informed as to the status of the case.
| rfCount V
The ODC received complaints in each of the matters which are the subjects of Counts I — IV. Respondent failed to reply to the complaints. As a result, numerous subpoenas were requested for respondent’s appearance. Although respondent appeared on April 9, 1996 and October 17, 1997 in response to subpoenas, she failed to appear on July 31,1996.
DISCIPLINARY PROCEEDINGS
After the complaints were filed, the ODC conducted an investigation. Subsequently, the ODC instituted formal charges against respondent. She failed to file an answer to the charges. As a result, no formal hearing was held, but the parties were allowed to present documentary evidence on the issue of sanctions. The ODC submitted its evidence and sought disbarment. Respondent failed to present any evidence.

Hearing Committee Recommendation

The hearing committee found the ODC made a prima facie case that respondent violated the Rules of Professional Conduct.[1] It concluded respondent failed to communicate with her clients, failed to account for their funds, failed to pursue their cases, and intentionally lied to them concerning the status of their cases. Additionally, the committee found respondent intentionally commingled and converted funds belonging to Mr. Cohen ($5,500), Mr. DeWitt ($351.50), and Mr. Martin ($4,000, although the committee noted respondent later made restitution of one-half of this amount).
In recommending discipline, the committee found that respondent did not submit any evidence in mitigation of her misconduct. As aggravating factors, the eommit- *1280 tee found a palpable pattern of misconduct, multiple offenses, failure to cooperate, lack of remorse, indifference toLmaking restitution, and prior discipline.[2] Referring to the ABA’s Standards for Imposing Lawyer Sanctions and Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), the committee recommended that respondent be disbarred from the practice of law.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee that respondent is guilty of the misconduct set forth in the formal charges and that the charges were proven by clear and convincing evidence. The board found that respondent has violated duties owed to her clients, the legal profession, and the public, and has engaged in knowing and intentional misconduct.
Under the circumstances, the board agreed that disbarment is the baseline sanction to be imposed, pursuant to Standards 4.1 and 4.61 of the ABA’s Standards for Imposing Lawyer Sanctions and this court’s opinion in Hinrichs. The board found the following aggravating factors: prior discipline, dishonest motive, pattern of misconduct, multiple offenses, failure to cooperate, refusal to acknowledge wrongdoing, vulnerability of the victims, and substantial legal experience in the practice of law (admitted 1986). The board found no mitigating factors. Considering the significant aggravating factors and the absence of mitigating factors, the board concluded there is no reason to deviate from the baseline sanction.
Accordingly, the board recommended that respondent be disbarred from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the board’s recommendation.
J^DISCUSSION
Initially, we note the hearing committee expressed some concern whether respondent received proper notice of these charges. The record reveals the ODC attempted to serve respondent by certified mail at the address listed on her attorney registration statement, but the certified mailings were returned “unclaimed.”[3] Pursuant to In re: Edwards, 97-0624 (La.6/13/97), 696 So.2d 1325, we conclude the ODC adequately complied with Supreme Court XIX, § 13A and B.
On the merits, we agree the record demonstrates that respondent has engaged in misconduct warranting disbarment. Respondent’s conduct demonstrates a pattern of neglect of client matters, failing to account for client funds, and lying to clients regarding the status of their legal matters. Additionally, respondent has repeatedly commingled and converted funds. She has made no genuine attempt at restitution, and her conduct has caused actual harm to both her clients and third persons. Under the guidelines set forth in Hinrichs, disbarment is an appropriate sanction for such misconduct.
Accordingly, we will accept the disciplinary board’s recommendation and order that respondent be disbarred.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Joyce H. Watts be stricken *1281 from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Johnson, J. not on panel. Rule IV, Part II, § 3.

. Procedurally, the committee noted that respondent has received only constructive notice of the filing of formal charges and the proceedings which followed, and it expressed reservations “concerning constitutional due process in the pronouncement of a recommendation which will, if accepted and implemented, result in the loss of a substantial property right by the Respondent." Nevertheless, the committee acknowledged that, pursuant to Rule XIX, §§ 8(C) and 13(A), proof of attempted service at respondent's primary registration address constitutes adequate notice to respondent.

. Respondent received two admonitions for failure to cooperate in prior disciplinary proceedings (95-ADB-095 and 98-ADB-013), and a letter of reprimand from the United States Army, issued in 1988 while respondent was serving with the Office of the Judge Advocate General of the Army.

. The disciplinary board also ordered the ODC to make personal service on respondent through the sheriff, but such service was also unsuccessful.