ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed by respondent, Carmen Madera, prior to the institution of formal charges. The Office of Disciplinary Counsel (“ODC”) concurred in the petition, and the disciplinary board recommended the petition be accepted.
UNDERLYING FACTS
In February, 1997, Lina Lizardo Carlos retained respondent to represent her in a community property matter. Respondent did not file a petition on Ms. Carlos’ behalf until September 1997, and thereafter she failed to pursue the matter. Ms. Carlos eventually had to file a motion in proper person to set the matter for hearing.
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges in this matter, respondent filed a petition for consent discipline. Respondent admitted *283 her conduct violated Rules 1.3 (failure to act with diligence and promptness in representing a client) and 1.4 (failure to communicate with a client) of the Rules of Professional Conduct; however, she suggested that she has suffered from personal and emotional problems which have affected her ability to practice law. She proposed that she be suspended from the practice of law for one year and one day, deferred, subject to two years of probation with the following conditions:
1. Respondent will remain current in all her professional responsibilities, such as her bar dues, disciplinary assessment, and MCLE requirements;
Is2. Respondent will complete the Ethics School sponsored by the Louisiana State Bar Association;
3. Respondent will submit immediately to the care of a qualified mental health professional for analysis and to determine a course of treatment for personal and emotional problems that interfere with her ability to practice law;
4. A probation monitor will be appointed to ensure that Respondent complies with the conditions of her probation, and to periodically monitor her files, practice, and trust account; and
5. Respondent will pay the costs and expenses of these proceedings.
The ODC concurred in respondent’s petition, citing mitigating factors which include no prior disciplinary record, lack of selfish motive, personal and emotional problems, and remorse, and one aggravating factor, vulnerability of the victim.

Disciplinary Board Recommendation

The disciplinary board noted that respondent has admitted that she engaged in the misconduct set forth in the petition for consent discipline. Relying on the ABA’s Standards for Imposing Lawyer Sanctions[1] and on jurisprudence from this court,[2] the board concluded the proposed consent discipline appropriately addresses respondent’s misconduct, serves to rehabilitate respondent, and protects the public.
Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day, deferred, subject to two years of supervised probation with the special conditions proposed in the petition for consent discipline.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
j ¿DISCUSSION
Respondent has admitted that she engaged in the misconduct set forth in the petition for consent discipline. Based on our review of the record, we find the proposed consent discipline is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Carmen Madera be suspended from the practice of law for a period of one year and one day, deferred, subject to a two-year period of supervised probation *284 subject to the specific terms and conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Marcus, J., not on panel. Rule IV, Part II, § 3.

. Standard 4.42 suggests that suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.

. The board cited In re: Turissini, 95-0735 (La.6/2/95), 655 So.2d 327 (suspension of one year and one day, deferred, subject to two years of supervised probation with conditions, including treatment with a menial healthcare provider, for negligent misconduct related to severe depression), and In re: Dunn, 98-0760 (La.9/18/98), 717 So.2d 639 (one year suspension, with all but six months deferred, subject to two years of supervised probation with conditions, including treatment with a mental healthcare provider, for misconduct causing tangible harm to respondent's clients but which was related to depression).