ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Joyce H. Watts, a currently disbarred attorney.
UNDERLYING FACTS
In In re Watts, 99-2071 (La.9/24/99), 744 So.2d 1278 (Watts I), this court disbarred respondent for misconduct involving commingling and conversion of client and third-party funds, neglect of legal matters, failure to communicate with clients, failure to account for or return unearned fees, and failure to cooperate with the ODC in its investigation. This misconduct occurred between 1994 and 1997; the ODC filed formal charges in April 1998.
In the instant case, which was not before the court in Watts I, respondent was retained in 1997 to represent Lavonza St. Cyr in a paternity matter. Respondent filed pleadings on behalf of her client and appeared at a hearing in the case, but failed to prepare a judgment and submit it to the court. Although Ms. St. Cyr twice wrote respondent inquiring about the judgment, she heard nothing from her. As a result, Ms. St. Cyr discharged respondent and engaged new counsel. Ms. St. Cyr filed a | ¡.complaint with the ODC in February 1998. Respondent failed to reply to the complaint.
DISCIPLINARY PROCEEDINGS

Formal Charges

After an investigation, the ODC filed one count of formal charges against respondent, alleging that her conduct in the St. Cyr matter violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 8.1(c) (failure to co *366 operate with the ODC in its investigation), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence.

Hearing Committee Recommendation

The hearing committee found that respondent failed to comply with a court order to submit a judgment in Ms. St. Cyr’s paternity suit, that she failed to complete the matter she was retained to handle, and that she failed to respond to the formal charges lodged against her. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the committee concluded that the baseline sanction for such conduct is a public reprimand. The committee accepted some of the aggravating factors cited by the ODC, including bad faith obstruction of the disciplinary proceeding by intentionally failing to cooperate with the disciplinary agency and substantial experience in the practice of law (admitted 1986). However, the committee refused to accept prior disciplinary offenses and a pattern of misconduct as aggravating factors, given that the ODC failed to submit any evidence as to those issues. The | (¡committee noted there is no evidence of any mitigating factors. Finding no reason to deviate from the baseline sanction, the committee recommended that respondent be publicly reprimanded.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board found no manifest error in the hearing committee’s factual findings, and agreed that the committee correctly applied the Rules of Professional Conduct in finding violations of Rules 1.3, 8.1(c), and 8.4(g). In addition to the aggravating factors recognized by the committee, the board took notice of respondent’s prior discipline in Watts I as an aggravating factor.
The board found that respondent violated her duty to her client to timely move her case forward, and violated her duty to the legal system by failing to cooperate with the disciplinary proceedings. The board concluded that respondent’s actions in failing to file the court-ordered judgment were not negligent, but knowing, given that she ignored two letters sent to her by her client regarding the matter. Finally, the board found that Ms. St. Cyr suffered harm in the delay of the paternity case and the inconvenience (and perhaps added cost) of retaining new legal counsel. Based on this reasoning, and considering the ABA’s Standards for Imposing Lawyer Sanctions and the recent case law,[1] the board suggested that the sanction recommended by the phearing committee is too lenient. Instead, the board recommended a suspension of one year and one day, “to commence after the current period of disbarment ends.” The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence run *367 ning thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports a finding that respondent neglected the legal matter Ms. St. Cyr retained her to handle and that she failed to cooperate with the ODC in its investigation. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
The instant charges are based on conduct which arose during the same time as the charges forming the basis of Watts I, for which respondent was disbarred, and involve the same pattern of misconduct — • neglect of legal matters, failure to communicate with clients, and failure to cooperate with the ODC. For unknown reasons, the ODC did not consolidate the instant charges with the charges in Watts /, even though it was apparently aware of Ms. St. Cyr’s complaint at the time.[2]
In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. In that case, involving an attorney who was already disbarred, we | .¡declined to disbar the respondent again or extend the minimum period for readmission. Rather, we adjudged the attorney guilty of additional misconduct which could be considered in the event the attorney sought readmission.
In sum, the instant charges involve conduct which occurred during the same time period as Watts I and involve the same pattern of misconduct for which we disbarred respondent in the first proceeding. Although we will not impose additional discipline upon respondent, we adjudge her guilty of additional violations which warrant suspension, and add these to her record for consideration in the event that she applies for readmission after becoming eligible to do so.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that respondent is adjudged guilty of additional violations which warrant suspension which may be considered in the event that she applies for readmission from her disbarment in In re Watts, 99-2071 (La.9/24/99), 744 So.2d 1278, after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. The board cited three cases, all of which involved conduct substantially similar to that at issue here: In re Bergeron, 00-1386 (La.9/15/00), 768 So.2d 595 (one year and one day suspension); In re Madera, 99-3265 (La.12/10/99), 756 So.2d 282 (one year and one day suspension, deferred, subject to a two-year period of supervised probation; numerous mitigating factors present, including personal and emotional problems which affected the respondent’s ability to practice law); and In re Powers, 98-2826 (La.1/29/99), 731 So.2d 185 (one year and one day suspension).

. The record reveals that Ms. St. Cyr filed her complaint with the ODC in February 1998, two months prior to the filing' of formal charges in Watts I.