*547 ATTORNEY DISCIPLINARY ' PROCEEDINGS.
hPER CURIAM.
This attorney disciplinary proceeding arises from seven counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James David Turnage, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
Count I — Hudson Matter
In 1997, Spring Hudson retained respondent to represent her in connection with debt collection matter instituted against her in the Shreveport City Court. At that time, Ms. Hudson provided respondent with evidence that she had previously satisfied the debt. However, respondent failed to produce the documentation in his client’s defense. As a result, summary judgment was rendered in favor of the creditor and Ms. Hudson’s wages were garnished.
On May 7, 1998, Ms. Hudson filed a complaint against respondent with the ODC. Upon receiving a copy of the complaint, respondent admitted to the allegations of misconduct and maintained he had offered to compensate Ms. Hudson for her loss, but that she did not respond to his offer. However, Ms. Hudson produced evidence that she made numerous efforts to contact respondent, including sending him correspondence by certified mail, but was unsuccessful.
|;,Count II — Dixon Matter
In 1996, Linda and Remoncile Dixon retained respondent to represent them and their minor children in a personal injury matter stemming from a vehicular accident. Two years later, respondent settled the matter on behalf of his clients in the total amount of $6,008. In addition to his legal fees, respondent withheld $940 from the settlement for payment to Jose D. Pineda, M.D. for medical services rendered to respondent’s clients. However, respondent failed to disburse these funds to Dr. Pineda and converted the funds to his own use.
On November 25, 1998, Dr. Pineda filed a complaint against respondent with the ODC. In the course of the ODC investigation, respondent gave a sworn statement in which he asserted Dr. Pineda’s claims had prescribed and, thus, Dr. Pineda was not entitled to any money. As to the funds he withheld from the settlement for Dr. Pine-da, respondent stated he used the money to pay other personal debts and admitted his client trust account went below that amount held in escrow.
Count III — Zahn Matter
Over the course of several years, respondent guaranteed payment for chiropractic services rendered by Robert L. Zahn, D.C. to seven of respondent’s clients. Subsequently, respondent withheld funds from each of his clients’ personal injury settlements for payment to Dr. Zahn. Between June 20, 1996 and June 17, 1999, respondent issued seven checks to Dr. Zahn as payment for the medical services rendered.[1] However, each of the *548 checks were returned for insufficient funds. As tojjfour of the checks, respondent provided restitution shortly after the check was rejected by the respective financial institution. As to the remaining three checks issued between June 20, 1996 and July 23, 1996, totaling an amount of $2,617, respondent has not made restitution to Dr. Zahn, despite repeated requests.
On July 8, 1999, Dr. Zahn filed a complaint against respondent with the ODC. Shortly after the filing of the complaint, respondent provided restitution to respondent in one matter,[2] but has not done so in the other matters.
Count IV — Howard Matter
On March 1, 1999, Linnie B. Howard retained respondent for $1,500 to file a timely motion for new trial and other post-conviction proceedings on behalf of her son. Respondent failed to take any action on behalf of his client. Ms. Howard made numerous efforts to contact respondent regarding the criminal matter, but to no avail. As a result, she was required to retain new counsel to pursue her son’s legal matter.
On August 20, 1998, Ms. Howard filed a complaint with the ODC against respondent, requesting a return of the unearned fee.
Count V — Talley Matter
On May 1, 1998, John Wayne Talley retained respondent to represent him in felony criminal proceedings. At the time, respondent agreed to accept $8,300 as payment in full for the representation. Mr. Talley paid the amount. Approximately one month later, respondent advised his client he needed an additional $1,000 to Rhandle the matter. Again, Mr. Talley paid the funds to respondent. Subsequently, respondent failed to take any measures on behalf of his client. After being unable to locate respondent, Mr. Tally retained other counsel and reported the matter to the Caddo Parish District Attorney’s Office.
On September 29, 1999, Mr. Talley filed a complaint against respondent with the ODC, seeking a return of the unearned fee and his client file, which Mr. Tally claimed contained documents that are critical to his defense.
Count VI — Washington and Gully Matters
In 1993, Lonnie Washington and Billy Gully retained respondent to represent them in a personal injury matter on a contingency basis. Respondent ceased communicating with them in early 1999. According to Mr. Washington and Mr. Gully, they learned respondent had abandoned his law practice in Louisiana to relocate to Mississippi.
On October 28, 1999, Mr. Washington and Mr. Gully filed a complaint against respondent with the ODC.
Count VII — Sowls Matter
On February 17, 1999, Cleutis Sowls retained respondent for $1,000 to represent him in a civil service appellate matter. While respondent filed the appeal, he failed to take any other measures on behalf of his client, including neglecting to appear at a scheduled hearing. Respondent failed to respond to his client’s requests for information regarding the legal matter and, later, for a return of the unearned fee and his client file.
On February 25, 2000, Mr. Sowls filed a complaint against respondent with the *549 ODC seeking a return of the unearned fee and his ease file.
| .DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed seven counts of formal charges. The charges alleged respondent’s actions violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (failure to abide by scope of representation), 1.3 (incompetence), 1.4 (failure to communicate), 1.7(b) (engaging in a conflict of interest), 1.8(h) (making an agreement prospectively limiting lawyer’s malpractice liability), 1.15 (commingling and conversion of client funds), 1.16(d) (failure to protect client interests upon termination of representation), 8.4(a) (violating or attempting to violate the Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation).
Respondent failed to file an answer to the complaint. Accordingly, the matter was submitted to the hearing committee on documentary evidence only.

Recommendation of the Hearing Committee

The hearing committee determined the ODC proved allegations of professional misconduct by clear and convincing evidence. It noted that respondent knowingly violated his duty as a professional, causing injury to his clients, the public and the legal system.
| .Relying on the ABA’s Standards for Imposing Lawyer Sanctions,[3] the committee found the baseline sanction for respondent’s misconduct is disbarment. As aggravating factors, the committee recognized dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the misconduct, vulnerability of the victim, substantial experience in the practice of law and indifference to making restitution. The committee cited respondent’s lack of a prior disciplinary record as the only mitigating factor.
Based on its findings, the committee recommended respondent be disbarred from the practice of law. It further proposed respondent be ordered to make full restitution to his victims.

Recommendation of the Disciplinary Board

The disciplinary board adopted the findings of the hearing committee as to Counts *550 I, II, III, IV, V and VII. However, the board found there was insufficient evidence of misconduct in the record with regard to Count VI. In support, it found the only evidence supporting this count was a copy of the complaint filed by Mr. Washington and Mr. Gully. In the absence of other supporting documentation such as employment contracts, pleadings, and correspondence, the board found this count was not proven.
|7Addressing the issue of sanctions, the board found respondent knowingly and intentionally violated duties owed to his client, the public and the profession. It noted there was actual injury to respondent’s clients and their medical providers, many of whom have never been reimbursed for the fees they paid or the services rendered. The board also recognized Ms. Hudson suffered harm because a judgment was rendered against her and she had her wages garnished due to respondent’s failure to adequately pursue her matter.
The board adopted the aggravating factors and mitigating factor cited by the committee. Considering these factors, the board recommended respondent be disbarred from the practice of law.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
IsThe record supports that the conclusion that Counts I, II, III, IV, V and VII have been proven by clear and convincing evidence.[4] It is undisputed respondent abandoned his clients’ legal matters and failed to communicate with them regarding the status of their cases. Additionally, respondent commingled and converted a substantial amount of client and third party funds.
Having found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
*551 Respondent’s offenses are serious in nature. His conversion of client and third party funds caused actual harm to his clients and third party health care providers by depriving them of their funds for a significant period of time. We have often held such conduct warrants disbarment. See In re: Collinsworth, 01-1628 (La.9/21/01), 795 So.2d 312; In re: Poirrier, 01-1116, 01-1118 (La.6/29/01), 791 So.2d 94; In re: LeBlanc, 01-0099 (La.4/27/01), 786 So.2d 719; In re: Callahan, 00-3357 (La.3/23/01), 782 So.2d 624; In re: Cohen, 00-1476 (La.9/15/00), 769 So.2d 531; In re: Watts, 99-2071 (La.9/24/99), 744 So.2d 1278; In re: Patrick, 99-0771 (La.7/2/99), 738 So.2d 539. In addition to his conversion of client funds, his neglect of client | flmatters resulted in harm. For example, his gross neglect of Ms. Hudson’s case resulted in her being cast in judgment and having her wages garnished.
The baseline sanction for respondent’s misconduct is clearly disbarment. Several aggravating factors are present, including a pattern of misconduct and multiple offenses. The sole mitigating factor, lack of a prior disciplinary record, is insufficient to warrant a lesser sanction.
Under these circumstances, we find disbarment is the only appropriate sanction. Accordingly, we will accept the board’s recommendation and disbar respondent from the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of James David Turnage be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make full restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent issued separate checks to Dr. Zahn on behalf of the following clients:
6/20/96 Collias Neal $1,250
7/19/96 Linda Fuller 500
7/23/96 Helen Brooks 867
3/6/97 Larry Williams 1,520
*548 3/10/97 Carl Johnson 1,120
3/13/97 Gavin Johnson 1,201
6/17/99 Latonya McCray 900

. Respondent issued payment in the amount of $900 for the medical services rendered to Latonya McCray.

. Standard 4.11 provides disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. Standard 4.31(b) provides disbarment is generally appropriate when a lawyer simultaneously represents clients that the lawyer knows have adverse interests with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client. Standard 4.41 provides disbarment is generally appropriate when a lawyer abandons the practice or engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. Standard 4.61 provides disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client. Standard 5.11(b) provides disbarment is generally appropriate when a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice. Standard 7.1 provides disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

. We note the ODC has not objected to the board's finding that Count VI was not proven by clear and convincing evidence. In any event, in light of the other serious misconduct which has been proven in this case and the board’s recommendation of disbarment, it is unlikely that a finding of misconduct in Count VI would have impacted the sanction in this case.