*54 ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James David Turnage. Respondent has been disbarred since 2002. In re: Turnage, 01-2585 (La.9/13/02), 826 So.2d 546 (“Turnage I").
UNDERLYING FACTS
On July 14, 1995, respondent settled Jacqueline Anderson’s personal injury claim for the sum of $4,036.50. On July 19, 1995, respondent accounted to Ms. Anderson for the settlement proceeds, deducting the sum of $1,382.00 for payment to The Ebrahim Clinic, Ms. Anderson’s medical provider. However, respondent did not forward the funds to the medical provider, and instead converted the funds to his own use. As a result of respondent’s failure to pay The Ebrahim Clinic, *55 Ms. Anderson’s account was turned over to a collection agency. In April 2000, Ms. Anderson filed a complaint against respondent with the ODC.
DISCIPLINARY PROCEEDINGS
On April 3, 2002, the ODC filed one count of formal charges against respondent, alleging that his conduct in the Anderson matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with ^reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15(a)(b)(c) (safekeeping property of clients or third persons), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order,[1] the hearing committee found respondent violated the Rules of Professional Conduct as alleged in the formal charges. Respondent converted funds belonging to Ms. Anderson and earmarked for The Ebrahim Clinic, falsely communicated to his client that he was going to pay the funds to The Ebrahim Clinic, and failed to communicate with his client and return the funds. Based on these findings, the committee determined that respondent knowingly and intentionally violated multiple duties that he owed to Ms. Anderson.
The committee found no mitigating factors in this case, but determined the following aggravating factors are present: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, and indifference to making restitution.
13Under these circumstances, the committee recommended respondent be disbarred.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the deemed admitted facts support the conclusion that respondent failed to promptly and diligently complete his client’s legal matter by paying a third-party medical provider with funds retained for that purpose, in violation of Rule 1.3; failed to provide his client with reasonable information about the status of the legal matter after the settlement funds were disbursed, in violation of Rule 1.4; failed to promptly deliver funds to a third-party medical provider, in violation of Rule 1.15(b); and misrepresented to his client that he was going to use the $1,382.00 withheld from the settlement proceeds to pay the third-party medical provider, in violation of Rules 8.4(a) and 8.4(c). However, the board concluded that the deemed admitted facts do not support a finding that respondent commingled property of his client or third persons in violation of Rules 1.15(a) and 1.15(c), as charged in the formal charges.
The board determined respondent violated duties owed to his client, Ms. *56 Anderson, and that his conduct was knowing, if not intentional. Actual harm to Ms. Anderson is present in that her credit report, rating and history were adversely affected by the failure of respondent to pay her medical provider.
The board adopted the aggravating factors found by the hearing committee, and agreed that no mitigating factors are present.
1/Turning to the issue of an appropriate sanction, the board determined that respondent’s misconduct in this matter warrants disbarment; however, the board noted that the misconduct occurred in the same time frame as the misconduct at issue in Turnage I.[2] Accordingly, citing Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), the board recommended that respondent be adjudged guilty of additional violations warranting disbarment, to be considered in the event he makes a future application for readmission. Additionally, the board recommended that respondent be ordered to make restitution in the amount of $1,382.00 plus interest to The Ebrahim Clinic or to his client, Jacqueline C. Anderson, if the debt to the clinic has been satisfied. Finally, the board recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that respondent failed to promptly deliver funds to a third-party medical provider that were withheld for that purpose from his client’s personal injury settlement. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the | [¡integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As the disciplinary board observed, the substantive misconduct at issue in this case occurred in the same time frame as the misconduct forming the basis of respondent’s disbarment in Tumage I. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis of a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in Chatelain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so. See also In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; In re: *57 Parker, 00-3532 (La.3/15/02), 815 So.2d 794.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in respondent’s previous disciplinary proceeding.
Had the instant charges been filed simultaneously with those charges forming the basis of respondent’s earlier disbarment, they would have only reinforced our view that respondent lacks the moral fitness to practice law and must be disbarred, both as | f;a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s lengthy history of egregious misconduct, this court will carefully scrutinize any application for readmission with a critical eye.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that James David Turnage be adjudged guilty of additional violations which warrant disbarment and which may be considered in the event he applies for readmission from his disbarment in In re: Turnage, 01-2585 (La.9/13/02), 826 So.2d 546, after becoming eligible to do so. It is further ordered that respondent shall pay restitution to The Ebrahim Clinic in the amount of $1,382.00 plus legal interest, or to- Jacqueline C. Anderson if she has satisfied the debt to The Ebrahim Clinic. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent filed nothing for the hearing committee’s consideration.

. The misconduct at issue in Tumage I occurred between June 1996 and August 1999, while the misconduct in the instant matter commenced in July 1995 and continued at least through the filing of the complaint in April 2000.