*398 | ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James David Turnage, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1993. In 2002, this court disbarred respondent for abandoning his clients’ legal matters, failing to communicate with them regarding the status of their cases, and commingling and converting a substantial amount of client and third-party funds. In re: Turnage, 01-2585 (La.9/13/02), 826 So.2d 546 (“Turnage I”)
Respondent has not sought readmission and remains disbarred. Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
| ..FORMAL CHARGES
In 1999, respondent, then a Louisiana licensed attorney, was employed in Mississippi by WorldCom in a non-attorney position. In 2001, he was promoted to an attorney position as Associate Counsel II. In September 2002, respondent was disbarred pursuant to this court’s order in Tumage I. However, he did not inform WorldCom of his disbarment and continued to work as an attorney. Thereafter, WorldCom was acquired by Verizon. Despite the fact that he was disbarred, respondent was promoted to Associate Counsel III in August 2003 and to Assistant General Counsel in February 2007. Respondent continued to work as in-house counsel for Verizon, thereby falsely representing himself to be an attorney duly licensed and authorized to engage in the practice of law, until he was finally terminated in February 2011.
DISCIPLINARY PROCEEDINGS
In September 2011, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client), 4.1 (truthfulness in statements to others), 5.5(a) (engaging in the unauthorized practice of law), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

\ ¡^Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee found that all facts as set forth in the formal charges are deemed admitted and *399 proven. Additionally, the committee found that the documentary evidence submitted by the ODC supports the deemed admitted facts. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined that respondent’s misconduct was intentional and conscious, involving significant and substantial injury. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the applicable baseline sanction is permanent disbarment[1] and recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board agreed with the hearing committee that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also agreed with the committee that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent knowingly and intentionally violated duties owed to his employer, the legal system, and the legal profession, causing injury, as the legitimacy of all the work he performed as an attorney on behalf of |4his employer could be called into question. The board further determined that the applicable baseline sanction is disbarment.
In aggravation, the board found the following factors: prior disciplinary offenses and a dishonest or selfish motive. The board did not find any mitigating factors present.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended that he be permanently disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as. triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to Improve the legal conclusions that flow from the admitted factual *400 allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent engaged in the unauthorized practice of law following his disbarment. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In this case, respondent knowingly and intentionally violated duties owed to his client/employer, the legal system, and the legal profession, causing the potential for great harm. The baseline sanction for this type of misconduct is disbarment.
In its report, the disciplinary board determined that respondent’s conduct falls squarely within Guidelines 8 and 9 of the permanent disbarment guidelines.[2] |fiWe agree. The undisputed evidence shows that respondent engaged in the practice of law following notice of his disbarment, implicating Guideline 8. Likewise, we find that Guideline 9 applies, as respondent’s unauthorized practice of law is serious attorney misconduct which was preceded by his disbarment in Twmage I.
In In re: Jefferson, 04-0239 (La.6/18/04), 878 So.2d 503, we addressed a case in which the attorney engaged in the unauthorized practice of law. In concluding the attorney must be permanently disbarred, we stated:
Respondent has flouted the authority of this court by practicing law after being prohibited from doing so. In the face of this indisputable evidence of a fundamental lack of moral character and fitness, we can conceive of no circumstance under which we would ever grant readmission to respondent. Accordingly, he must be permanently disbarred.
Similarly, in the instant case, respondent’s failure to respect the authority of this court clearly demonstrates that he lacks the fitness to engage in the practice of law in this State. Therefore, respondent should not be allowed the opportunity to return to the practice of law in the future.
Accordingly, we will adopt the board’s recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and *401 disciplinary board, and considering the record, it is ordered that the name of James David Turnage, Louisiana Bar Roll number 22173, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent |7in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. In In re: McClanahan, 09-1883, fn. 9 (La.2/5/10), 26 So.3d 756, we established that disbarment, and not permanent disbarment, is the most serious sanction available as a baseline sanction.

. Guidelines 8 and 9 provide as follows:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.